**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL B. LEVIN, SANTOS J. ROSARIO
and FELICIA ROSARIO,

                              Plaintiffs,

v.

SARAH LAWRENCE COLLEGE, LEE
CHEN, GUMLEY-HAFT LLC, and
SCOTT MULLER,
                              Defendants.

**Civil Action No.:**

JURY TRIAL DEMANDED

DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO ("Plaintiffs"), by and through their attorneys, hereby bring their Complaint and Demand for Jury Trial against the Defendants, SARAH LAWRENCE COLLEGE, LEE CHEN, GUMLEY-HAFT LLC, and SCOTT MULLER ("Defendants"). Plaintiffs' claims stem from the severe sexual abuse, physical abuse, psychological abuse, human trafficking and forced labor our clients endured as a result of the Defendants' actions and inactions, causing them irreparable harm, pain and suffering. Plaintiffs allege as follows:

**COMPLAINT**

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction under 28 USC§ 1331 based on federal question related to the violation of the TVPA, 18 U.S.C. § 1595.

2.     The amount in controversy exceeds $75,000, exclusive of costs and interest.

3.     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 because the state law claims arise out of the same common nucleus of facts and are

so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

4.      This Court has personal jurisdiction over the Defendant, SARAH LAWRENCE COLLEGE, because SARAH LAWRENCE COLLEGE is located in New York, is licensed to do business in New York, and is transacting business in New York.

5.      This Court has personal jurisdiction over the Defendant, LEE CHEN, because at the time of the underlying events, LEE CHEN owned, used or possessed property in the State of New York.

6.      This Court also has personal jurisdiction over the Defendant, LEE CHEN, because LEE CHEN committed a tort in the State of New York, as described in more detail below.

7.      This Court has personal jurisdiction over the Defendant, GUMLEY-HAFT LLC because GUMLEY-HAFT LLC is located in New York, is licensed to do business in New York, and is transacting business in New York.

8.      This Court has personal jurisdiction over the Defendant, SCOTT MULLER, because SCOTT MULLER committed a tort outside the State of New York that caused injury within the State of New York.

9.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because a substantial part of the events giving rise to the Plaintiffs' claims occurred in New York County.

10.     The Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, seek relief that is within the jurisdictional limits of the Court.

11.     Plaintiffs DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO's claims are timely under the New York Adult Survivor Act, § 66A/A.648A.

## PARTIES

12.     The Plaintiff, DANIEL B. LEVIN, is an individual currently residing in California.

13.     The Plaintiff, SANTOS J. ROSARIO, is an individual residing in New York County in the State of New York.

14.     The Plaintiff, FELICIA ROSARIO, is an individual residing in Queens County in the State of New York.

15.     The Defendant, SARAH LAWRENCE COLLEGE, is a corporation created and licensed in the State of New York and doing business in Westchester County at 1 Mead Way in Bronxville, New York.

16.     The Defendant, LEE CHEN, is an individual who, upon information and belief, resides at 413 Hillside Avenue in Springfield, New Jersey.

17.     The Defendant, GUMLEY-HAFT LLC, is a domestic limited liability company created and licensed in the State of New York and doing business in New York County at 1501 Broadway, Suite 1001, New York, New York.

18.     The Defendant, SCOTT MULLER, is an individual who, upon information and belief, resides at 34 Knox Street in Mount Pocono, Pennsylvania.

## I.     FACTS RELEVANT TO ALL COUNTS

### A.     Criminal Lawrence Ray moves into his Daughter's Dorm Room at Sarah Lawrence College

19.     In the fall of 2010, a group of sophomores from SARAH LAWRENCE COLLEGE were housed together in an on-campus townhouse style dormitory known as Slonim Woods.

20.     The Slonim Woods dormitory was located on Kimball Avenue on the SARAH LAWRENCE COLLEGE campus.

21.     Among that group of students were two of the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, as well as a student named Talia Ray.

22.     Talia Ray is the daughter of Lawrence Ray, a convicted criminal, who served time behind bars for kidnapping Talia in the past.

23.     Soon after moving into the Slonim Woods dormitory, Plaintiffs DANIEL B. LEVIN and SANTOS J. ROSARIO learned that Talia Ray's father, Lawrence Ray, was in prison.

24.     Not long thereafter, Plaintiffs DANIEL B. LEVIN and SANTOS J. ROSARIO learned that Lawrence Ray had recently been released from prison.

25.     After being released from prison, Lawrence Ray moved into the Slonim Woods dormitory.

26.     SARAH LAWRENCE COLLEGE should have known that criminal Lawrence Ray was living with student under its care and protection and on school property.

27.     When Lawrence Ray first moved into the Slonim Woods dormitory, Plaintiffs DANIEL B. LEVIN and SANTOS J. ROSARIO were told that Lawrence Ray's stay would be temporary.

28.     Kimball Avenue is a busy, main road of the campus, regularly traveled by students and staff.

29.     At all relevant times, signage on campus indicated to students that Kimball Avenue was under "24 Hour Video Recording".

30.     At all relevant times, there were several campus buildings on/around Kimball Avenue, including the Kober building, the Campus Operatives building, and numerous parking lots for staff and students.

4

31.     Once Lawrence Ray moved into the dormitory, he immediately integrated himself into the lives of the young people who lived in it, including Plaintiffs DANIEL B. LEVIN and SANTOS J. ROSARIO.

32.     Lawrence Ray made minimal effort to conceal his existence at SARAH LAWRENCE COLLEGE.

33.     While residing at SARAH LAWRENCE COLLEGE, Lawrence Ray freely entered and exited the grounds, without being noticed or approached by SARAH LAWRENCE COLLEGE staff or security.

34.     While residing at SARAH LAWRENCE COLLEGE, Lawrence Ray often drove to and from the grocery store, where he would pass SARAH LAWRENCE COLLEGE cameras, security personnel, and staff.

35.     At all relevant times, and upon information and belief, SARAH LAWRENCE COLLEGE had a no-pet policy.

36.     At all relevant times, Talia Ray and her other dormmates had a cat living in their dormitory room.

37.     On numerous occasions while Lawrence Ray was residing at the Slonim Woods dormitory, the cat escaped.

38.     On those occasions when the cat escaped, Lawrence Ray openly searched for it by walking around the SARAH LAWRENCE COLLEGE campus, where he was easily visible to staff and security.

39.     One day while Lawrence Ray was residing in the Slonim Woods dormitory, a fire alarm was set off while Lawrence Ray was cooking a meal.

40.     When SARAH LAWRENCE COLLEGE staff and fire department personnel arrived, Lawrence Ray was the only individual in the dorm room.

41.     Upon information and belief, no one from SARAH LAWRENCE COLLEGE questioned Lawrence Ray as to why he was alone in the dorm cooking nor removed him from the premises.

42.     Upon information and belief, Lawrence Ray was not monitored after the fire incident to ensure he was not residing at the dormitory with the college students.

43.     Lawrence Ray resided at the Slonim Woods dormitory for nearly an entire school year without being removed by the school officials or staff.

44.     During the time Lawrence Ray resided in the Slonim Woods dormitory, SARAH LAWRENCE COLLEGE allowed Ray to remain on campus while he committed acts of manipulation, grooming, sexual abuse, food deprivation and sleep deprivation upon the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO.

45.     During the time DANIEL B. LEVIN and SANTOS J. ROSARIO were residing the Slonim Woods dormitory, DANIEL B. LEVIN and SANTOS J. ROSARIO suffered emotional, physical and sexual abuse by Lawrence Ray which went uninterrupted by SARAH LAWRENCE COLLEGE.

46.     During this same time period, Ray began to groom and manipulate FELICIA ROSARIO.

47.     In 2012, SARAH LAWRENCE COLLEGE employee, Dean of Students, Allen Green met with Plaintiff, FELICIA ROSARIO and Ray to discuss SARAH LAWRENCE COLLEGE student, C.D.'s mental health.

48.     During this encounter Plaintiff FELICIA ROSARIO was manipulated and groomed by Ray to assist him in providing Dean Allen information regarding student C.D. to further his efforts to groom and assault C.D.

49.     Dean Allen took no action to intervene and investigate why Ray was interfering with C.D.'s private medical and mental health, nor did he intervene or investigate to protect FELICIA ROSARIO, who was clearly participating with Ray in the meeting under duress.

50.     While Ray was residing in the dormitory at SARAH LAWRENCE COLLEGE, several students, community members and parents contacted SARAH LAWRENCE COLLEGE administrators and authorities to address concerns related to SARAH LAWRENCE COLLEGE students' health and well-being as a result of Ray's abusive behavior, yet SARAH LAWRENCE COLLEGE did nothing to investigate or intervene to prevent harm to Plaintiffs.

51.     Despite the clear warnings signs that something was awry in the Slonim Woods dormitory, SARAH LAWRENCE COLLEGE teachers, faculty, staff and security failed and/or refused to notice or take any corrective action or intervene in any way, resulting in serious harm to Plaintiffs.

52.     This failure on the part of SARAH LAWRENCE COLLEGE all began at the school and resulted in years of abuse for the Plaintiffs and also derailed their education and careers resulting in significant economic loss.

**B.      Lawrence Ray, Daniel Levin, Santos Rosario Jr., and Felicia Rosario Move into a Manhattan Condo Unit Owned by the Defendant, LEE CHEN, in a Building Managed by the Defendant, GUMLEY-HAFT LLC**

53.      After a year of abusing and manipulating students on SARAH LAWRENCE COLLEGE campus, during the summer of 2011, Lawrence Ray moved into a condominium unit located in the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan.

54.      At all relevant times, the condominium unit located in the Waterford Building at 300 East 93rd Street Apt. 15E in Manhattan was owned by the Defendant, LEE CHEN.

55.      At all relevant times, the condominium unit located in the Waterford Building at 300 East 93rd Street Apt. 15E in Manhattan was managed by the Defendant, GUMLEY-HAFT LLC.

56.      Soon after moving into the condominium unit, Lawrence Ray, continued his abuse and manipulation of SARAH LAWRENCE COLLEGE students and started hosting gatherings of young SARAH LAWRENCE COLLEGE students, including the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO.

57.      When Lawrence Ray moved into the condominium, the Defendant, LEE CHEN, remained living there for some time and participated in parties with younger SARAH LAWRENCE COLLEGE students.

58.      When the Defendant, LEE CHEN, asked Lawrence Ray about the constant flux of college students, Lawrence Ray stated that he was "building an army."

59.      The Defendant, LEE CHEN, knew or should have known that Lawrence Ray was using coercion and manipulation to form what he believed was a cult with young, unknowing SARAH LAWRENCE COLLEGE students.

60.     At a minimum, the Defendant, LEE CHEN, should have appreciated that something was awry, and taken action to protect these young SARAH LAWRENCE COLLEGE students.

61.     Not long after moving into the condominium, Lawrence Ray started committing acts of physical assault, sexual assault and emotional abuse upon the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO.

62.     On numerous occasions, the Defendant, LEE CHEN, would engage in sex acts with the young college students inside the condominium unit.

63.     On at least one occasion, the Plaintiff, DANIEL B. LEVIN, was forced to watch while Lawrence Ray clamped the arms, wrists and ankles of a young college student ["I.P."] to a table, while Lawrence Ray and LEE CHEN sexually assaulted her.

64.     The above-described assault caused the Plaintiff, DANIEL B. LEVIN, severe emotional distress.

65.     On more than one occasion, the Defendant, LEE CHEN, witnessed these young SARAH LAWRENCE COLLEGE students being trafficked for sex.

66.     Upon information and belief, the Defendant, LEE CHEN, benefitted financially from the criminal acts taking place in his condominium.

67.     On numerous occasions, the Plaintiffs witnessed Lawrence Ray hand wads of cash to the Defendant, LEE CHEN.

68.     The Defendant, LEE CHEN, eventually moved out of the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan.

69.     Before moving out of the condominium unit, the Defendant, LEE CHEN, failed and/or refused to alert the authorities of the abuse being inflicted upon the Plaintiffs and other SARAH LAWRENCE COLLEGE students.

70.     After moving out of the condominium unit, the Defendant, LEE CHEN, failed and/or refused to alert the authorities of the abuse being inflicted upon the Plaintiffs and other SARAH LAWRENCE COLLEGE students.

71.     At all relevant times, the Defendant, GUMLEY-HAFT LLC, and/or its agents, employees or representative, was on actual and/or constructive notice of the sexual abuse, sex trafficking and other criminal activities taking place inside the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan.

72.     Upon information and belief, Carlos Pagan was a doorman at The Waterford building during the time the Plaintiffs resided there.

73.     Upon information and belief, Carlos Pagan was employed by the Defendant, GUMLEY-HAFT LLC, while he worked as a doorman at The Waterford building.

74.     Upon information and belief, on many occasions, Carlos Pagan witnessed SARAH LAWRENCE COLLEGE students entering and exiting the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan at various hours of the day and night.

75.     Upon information and belief, on many occasions, other doorman and security personnel employed by the Defendant, GUMLEY-HAFT LLC, also witnessed SARAH LAWRENCE COLLEGE students entering and exiting the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan at various hours of the day and night.

76.     The Plaintiff, FELICIA ROSARIO, was moved into the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan in approximately 2012.

77.     After the Plaintiff, FELICIA ROSARIO, moved into the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan, the unscrupulous, suspicious activities coming from the unit increased.

78.     The Plaintiff, FELICIA ROSARIO, often left The Waterford building at all hours of the night.

79.     On more than one occasion, the Plaintiff, FELICIA ROSARIO, exited and entered The Waterford building not wearing clothing appropriate for the weather.

80.     Upon information and belief, the Defendant, GUMLEY-HAFT LLC, took no action to protect the Plaintiffs from further harm or to intervene in any way in the criminal activity that were ongoing on its premises.

81.     Upon information and belief, the Defendant, GUMLEY-HAFT LLC, was put on notice of suspicious wrongdoings taking place in the condominium unit located at Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan by complaints made by other residents.

82.     Upon information and belief, the Defendant, GUMLEY-HAFT LLC, took no action to investigate those complaints or intervene to protect the occupants.

**C.     Lawrence Ray Moves Santos J. Rosario and Felicia Rosario to North Carolina**

83.     During the summer of 2013, Lawrence Ray moved the Plaintiffs, SANTOS J. ROSARIO and FELICIA ROSARIO, to Pinehurst, North Carolina.

84.     While residing in North Carolina, Lawrence Ray forced the Plaintiffs, SANTOS J. ROSARIO and FELICIA ROSARIO, to perform painful, hard manual labor while using dangerous equipment, and without being paid.

85.     While residing in North Carolina, the Plaintiffs, SANTOS J. ROSARIO and FELICIA ROSARIO, were deprived of proper nutrition.

86.     While residing in North Carolina, the Plaintiffs, SANTOS J. ROSARIO and FELICIA ROSARIO, were deprived of sleep.

87.     While residing in North Carolina, the Plaintiff, FELICIA ROSARIO, was forced to engage in sex acts with men for the benefit of Lawrence Ray's trafficking enterprise.

**D.      Lawrence Ray Moves Felicia Rosario to Scott Muller's Home in Piscataway, NJ**

88.     Eventually Lawrence Ray moved the Plaintiff, FELICIA ROSARIO, to a home located at 40 Holly Lane in Piscataway, NJ.

89.     At all relevant times, the home located at 40 Holly Lane in Piscataway, NJ was owned by the Defendant, SCOTT MULLER.

90.     Upon information and belief, while residing in the Piscataway, NJ home, the Defendant, SCOTT MULLER, received sexual favors from women at Lawrence Ray's direction and in furtherance of his sex trafficking enterprise.

91.     Upon information and belief, the Defendant, SCOTT MULLER, received said sexual favors at his home located at 40 Holly Lane in Piscataway, NJ in furtherance of his sex trafficking enterprise.

92.     While residing in the Piscataway, NJ home, the Plaintiff, FELICIA ROSARIO, was forced to perform painful, hard labor at the property for free.

93.     The Plaintiff, FELICIA ROSARIO, was forced to perform painful, hard manual labor at the Piscataway, NJ property for free until the time of Lawrence Ray's arrest in February 2020.

94.     Upon information and belief, the Defendant, SCOTT MULLER, witnessed numerous acts of violence committed by Lawrence Ray upon the Plaintiff, FELICIA ROSARIO, at his home located at 40 Holly Lane in Piscataway, NJ, yet he failed to intervene.

95.     Upon information and belief, the Defendant, SCOTT MULLER, allowed his home to be used for sex trafficking and forced labor of young Plaintiff, FELICIA ROSARIO.

96.     Upon information and belief, the Defendant, SCOTT MULLER, took no action to protect the Plaintiff, FELICIA ROSARIO, from harm to her while in his home and on his premises.

**E.      The Arrest, Conviction, and Criminal Findings of Lawrence Ray**

97.     In approximately February 2020, the New York Police Department along with the Federal Bureau of Investigations raided the property located at 40 Holly Lane in Piscataway, NJ owned by the Defendant, SCOTT MULLER.

98.     Upon information and belief, during the raid, Lawrence Ray was arrested for human trafficking, exploitation, sexual abuse, money laundering, amongst other charges, of Plaintiffs and others.

99.     On or about January 20, 2023, United States District Judge Lewis J. Liman sentenced Lawrence Ray to 60 years in prison for charges including racketeering, conspiracy, violent crime in aid of racketeering, extortion, sex trafficking, forced labor, tax evasion, as well as money laundering offenses, as it related to Plaintiffs and others.

<u>**COUNT I**</u>
<u>**NEGLIGENCE AND NEGLIGENT FAILURE TO MAINTAIN**</u>
<u>**SAFE PROGRAMS & ACTIVITIES**</u>
(Daniel B. Levin, Santos J. Rosario and Felicia Rosario v. Sarah Lawrence College)

100.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

101.    A duty may be imposed upon a college where it has encouraged its students to participate in an activity and taken affirmative steps to supervise and control the activity, and the plaintiff is injured while taking part in the activity being controlled by the college.

102.    The Defendant, SARAH LAWRENCE COLLEGE, had a non-delegable duty to protect their students including DANIEL B. LEVIN and SANTOS J. ROSARIO from threats occurring in their programs and activities.

103.    The Defendant, SARAH LAWRENCE COLLEGE, had a duty to maintain safe programs and activities – such as dormitory life to students and visitors, including all Plaintiffs.

104.    At all relevant times, the Defendant, SARAH LAWRENCE COLLEGE, encouraged students including DANIEL B. LEVIN and SANTOS J. ROSARIO to participate in dorm life, and invited visitors, including FELICIA ROSARIO.

105.    At all relevant times, the Defendant, SARAH LAWRENCE COLLEGE, supervised and controlled dorm life, including that of Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, and invited visitors, including FELICIA ROSARIO.

106.    Having set up dormitory life as a program at the school, the Defendant, SARAH LAWRENCE COLLEGE, had an obligation to keep the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, safe in the dormitory program, along with invited visitors, including FELICIA ROSARIO.

107.    At all relevant times, the Defendant, SARAH LAWRENCE COLLEGE, was in the best position to protect the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, and invited visitors, including FELICIA ROSARIO, against risks of harm.

108.    The grooming, sexual abuse, physical abuse and sex trafficking inflicted upon the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, would not have taken place if Lawrence Ray had not been provided intimate, unguarded access to the school and its students and visitors.

109.    The Defendant, SARAH LAWRENCE COLLEGE, failed to take any reasonable steps to ensure the safety of their students and visitors, including DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, on campus and in their programs/activities.

110.    The Defendant, SARAH LAWRENCE COLLEGE, recklessly disregarded the dangers posed by Lawrence Ray to all SARAH LAWRENCE COLLEGE students and invited visitors including DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, which were on full display to SARAH LAWRENCE COLLEGE faculty, staff, and security personnel.

111.    It was reasonably foreseeable that if the Defendant, SARAH LAWRENCE COLLEGE, did not adequately exercise or provide the duty of care owed to its students, and invited visitors, including DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO students and visitors could be put in dangerous situations.

112.    The Defendant, SARAH LAWRENCE COLLEGE, breached the duty of care owed to the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, by failing to protect them from foreseeable harm, physical abuse, and sexual assault.

113.    For nearly an entire year, the Defendant, SARAH LAWRENCE COLLEGE, failed to remove Lawrence Ray from their campus or safeguard its students from this criminal and his abuse.

WHEREFORE, as a direct and proximate result of SARAH LAWRENCE COLLEGE's above-described wrongful actions, inaction, and omissions, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, other actual and consequential injury, harm, and economic damages. SARAH LAWRENCE COLLEGE's above-described wrongful conduct constitutes negligence,

and these Plaintiffs should be compensated fairly and appropriately for the damages they have incurred as a result therefrom.

## COUNT II
## NEGLIGENT SUPERVISION AND NEGLIGENT SECURITY
### (Daniel B. Levin and Santos J. Rosario vs. Sarah Lawrence College)

114.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

115.    The Defendant, SARAH LAWRENCE COLLEGE, breached its duty of care to the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, to keep their dormitory safe against the reasonably foreseeable risk that an adult, including a parent, could move into one of its dormitories undetected.

116.    Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct by a third party.

117.    Colleges and universities have a heightened duty to students including DANIEL B. LEVIN and SANTOS J. ROSARIO in programs and activities including controlled by the school. Defendant SARAH LAWRENCE COLLEGE assumed a duty to protect DANIEL B. LEVIN and SANTOS J. ROSARIO from harm when the school allowed Lawrence Ray to live in its dorms.

118.    At all relevant times, the Defendant, SARAH LAWRENCE COLLEGE, was in a unique position to establish student conduct policies to protect DANIEL B. LEVIN and SANTOS J. ROSARIO.

119.    Upon information and belief, on numerous occasions, Lawrence Ray's harmful behavior towards SARAH LAWRENCE COLLEGE students, including DANIEL B. LEVIN and SANTOS J. ROSARIO was reported to SARAH LAWRENCE COLLEGE professors and staff.

120.    Upon information and belief, the Defendant, SARAH LAWRENCE COLLEGE, failed to take any action in response to said reports, including DANIEL B. LEVIN and SANTOS J. ROSARIO.

121.    Upon information and belief, the Defendant, SARAH LAWRENCE COLLEGE, had actual knowledge that a dangerous adult man who was not enrolled in the school was living in their dormitory, placing students including DANIEL B. LEVIN and SANTOS J. ROSARIO, at risk of harm.

122.    Upon information and belief, the Defendant, SARAH LAWRENCE COLLEGE, had actual knowledge that their students including DANIEL B. LEVIN and SANTOS J. ROSARIO were experiencing significant harm as a result of Lawrence Ray's presence in the dormitory.

123.    During the summer of 2013, the Plaintiff, DANIEL B. LEVIN, sent an email to Angela Moger, one of his professors at SARAH LAWRENCE COLLEGE.

124.    In that email, the Plaintiff, DANIEL B. LEVIN, explained in detail the abuse that he and others were suffering at the hands of Lawrence Ray while in the care of and on the premises of SARAH LAWRENCE COLLEGE.

125.    Upon information and belief, Professor Moger never responded to that email, nor did she take any affirmative steps to investigate, despite her duty to do so.

126.    As a result of Professor Moger's breach of duty, the Plaintiffs suffered another six years of trauma at the hands of Lawrence Ray.

127.    The Defendant, SARAH LAWRENCE COLLEGE, also had a duty to take minimal precautions to protect their tenants including DANIEL B. LEVIN and SANTOS J. ROSARIO from intruders.

128.    SARAH LAWRENCE COLLEGE, as a landowner has a duty to protect persons against foreseeable risk of harm from criminal activities of third persons on the premises including Plaintiffs.

129.    As a result of SARAH LAWRENCE COLLEGE's failure to provide adequate security, a dangerous and violent grown adult criminal was able to move into a dormitory, sexually and physically abuse students, and solicit and coerce students including Plaintiffs, into sex and labor trafficking.

130.    Not only was this risk foreseeable by the general frequency of intruders, sexual abuse, and parents trying to become overly involved, but SARAH LAWRENCE COLLEGE also had actual knowledge that Lawrence Ray was living in the dormitory and causing harm to students, including plaintiffs.

131.    Upon information and belief, SARAH LAWRENCE COLLEGE's campus security was on notice that Lawrence Ray was present in the dormitory when he was the only individual present when a fire alarm went off and the fire department responded.

132.    It was reasonably foreseeable that if SARAH LAWRENCE COLLEGE did not adequately exercise or provide the appropriate duty of care, students including Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, would be vulnerable to violent activity by individuals such as Lawrence Ray.

133.    As a result of SARAH LAWRENCE COLLEGE's failure to protect the Plaintiffs and students within their residential program, Lawrence Ray was able to coerce the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, to move off-campus, where they continued to be trapped in a violent and abusive situation.

WHEREFORE, as a direct and proximate result of SARAH LAWRENCE COLLEGE's above-described wrongful actions, inaction, and omissions, DANIEL B. LEVIN and SANTOS J. ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. SARAH LAWRENCE COLLEGE's above-described wrongful conduct constitutes negligence, and these Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT III**
**VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)**
(Daniel B. Levin and Santos J. Rosario v. Sarah Lawrence College)

134.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

135.    The Trafficking Victims Protection Act (TVPA) 18 U.S.C. §1595 is a federal statute which provides a private right of action for sex trafficking and labor trafficking.

136.    The Defendant, SARAH LAWRENCE COLLEGE, is liable under a civil trafficking cause of action because the school benefitted from payment of tuition, including housing, for what it knew and should have known was a sex and labor trafficking venture.

137.    Lawrence Ray orchestrated the sex and labor trafficking of the SARAH LAWRENCE COLLEGE students DANIEL B. LEVIN and SANTOS J. ROSARIO, while students and residents of the SARAH LAWRENCE COLLEGE's dormitory.

138.    In early 2023, Lawrence Ray was convicted of sex trafficking by force, fraud, or coercion under §1591, conspiracy to commit sex trafficking by force, fraud, or coercion under §1594, forced labor under §1589, trafficking with respect to peonage, slavery, involuntary servitude, or forced labor under §1590, forced labor conspiracy pursuant to §1594, as it relates to

the misconduct which Plaintiffs were subject, including while students were in the care of and on the premises of SARAH LAWRENCE COLLEGE.

139.    The aforementioned violence, harm, and manipulation inflicted upon the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, were able to occur due to the knowing and negligent participation of SARAH LAWRENCE COLLEGE in the trafficking ventures.

140.    The Defendant, SARAH LAWRENCE COLLEGE, knew or should have known that their programming, dormitory, campus, and resources were being utilized to facilitate a sex and labor trafficking venture.

WHEREFORE, as a direct and proximate result of SARAH LAWRENCE COLLEGE's above-described wrongful actions, inaction, omissions, and violations of the above-listed statutes, DANIEL B. LEVIN and SANTOS J. ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. SARAH LAWRENCE COLLEGE's above-described wrongful conduct constitutes violations of the TVPA, and these Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

## COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Daniel B. Levin and Santos J. Rosario v. Sarah Lawrence College)

141.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

142.    At all relevant times, the Defendant, SARAH LAWRENCE COLLEGE, had a duty to act reasonably toward the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO.

143.    SARAH LAWRENCE COLLEGE's conduct as described above created an unreasonable risk of causing the Plaintiffs, DANIEL B. LEVIN and SANTOS J. ROSARIO, physical harm and emotional distress.

144.    The emotional distress DANIEL B. LEVIN and SANTOS J. ROSARIO experienced as a result of SARAH LAWRENCE COLLEGE's conduct was foreseeable.

145.    The emotional distress DANIEL B. LEVIN and SANTOS J. ROSARIO experienced as a result of SARAH LAWRENCE COLLEGE's conduct as described above was (and remains) severe enough to have caused DANIEL B. LEVIN and SANTOS J. ROSARIO illness and bodily harm.

WHEREFORE, as a direct and proximate result of SARAH LAWRENCE COLLEGE's above-described wrongful actions, inaction, and omissions, DANIEL B. LEVIN and SANTOS J. ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. SARAH LAWRENCE COLLEGE's above-described wrongful conduct constitutes negligent infliction of emotional distress, and these Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT V**
**NEGLIGENCE**
(Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Lee Chen)

146.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

147.    At all relevant times, the Defendant, LEE CHEN, knew or should have known that the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, were being controlled, manipulated and brainwashed by Lawrence Ray while residents were in LEE CHEN's residence and on his property.

148.     Despite this knowledge, the Defendant, LEE CHEN, allowed the wrongful conduct committed by Lawrence Ray upon the Plaintiffs to continue at his residence without intervention.

149.     Upon information and belief, the Defendant, LEE CHEN, participated in the wrongful conducted being inflicted upon the Plaintiffs.

150.     Upon information and belief, the Defendant, LEE CHEN, accepted payment for rent in the form of sexual favors by the Plaintiffs.

151.     Upon information and belief, the Defendant, LEE CHEN, failed and/or refused to alert authorities of the sex trafficking and other wrongful conduct being inflicted upon the Plaintiffs at his condominium.

152.     Upon information and belief, the Defendant, LEE CHEN, failed and/or refused to take any action to protect the Plaintiffs from further harm despite being aware of it on his property.

153.     LEE CHEN, like all landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct by a third party.

154.     The Defendant, LEE CHEN, breached that duty of care by failing to alert the authorities of the crimes taking place at his condominium unit or to intervene to stop Lawrence Ray's conduct in any way whatsoever.

155.     The Defendant, LEE CHEN, breached that duty of care by participating in criminal activity himself and allowing it to occur uninterrupted on his property.

156.     As a result of the Defendant, LEE CHEN'S, actions and inactions, the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, suffered significant psychological, physical, and economic damages.

WHEREFORE, as a direct and proximate result of LEE CHEN's above-described wrongful actions, inaction, and omissions, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. LEE CHEN's above-described wrongful conduct constitutes negligence, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

### COUNT VI
### SEXUAL ABUSE
(Daniel B. Levin and Felicia Rosario v. Lee Chen)

157.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

158.    The Defendant, LEE CHEN, engaged in intentional and nonconsensual touching and committed battery against the Plaintiffs, DANIEL B. LEVIN and FELICIA ROSARIO.

159.    The Defendant, LEE CHEN's physical contact with the Plaintiffs, DANIEL B. LEVIN and FELICIA ROSARIO, was offensive, harmful, and wrongful.

160.    The Defendant, LEE CHEN's, conduct directly and proximately caused harm to the Plaintiffs, DANIEL B. LEVIN and FELICIA ROSARIO, including but not limited to pain and suffering, lasting psychological harm, loss of dignity, humiliation and financial loss.

161.    The Defendant, LEE CHEN's, actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to rape in the first degree (§ 130.35), rape in the third degree (§130,25), sexual abuse in the first degree (§130.65), sexual abuse in the third degree (§130.55), sexual misconduct (§130,20), and forcible touching (§130.52).

WHEREFORE, as a direct and proximate result of LEE CHEN's above-described wrongful actions, DANIEL B. LEVIN and FELICIA ROSARIO have suffered (and will continue

to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. LEE CHEN's above-described wrongful conduct constitutes sexual abuse, and DANIEL B. LEVIN and FELICIA ROSARIO should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT VII**
**VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)**
(Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Lee Chen)

162.     The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

163.     The Trafficking Victims Protection Act (TVPA) 18 U.S.C. §1595 is a federal statute which provides a private right of action for sex trafficking and labor trafficking.

164.     The Defendant, LEE CHEN, is liable under §1595 because he knowingly benefited financially by receiving something of value – the Plaintiffs' forced labor for no compensation and payment for housing Plaintiffs without intervention or disclosure of Lawrence Ray's misconduct.

165.     The Defendant, LEE CHEN, knowingly benefited from the sex trafficking, forced labor, and other TVPA violations because he agreed to receive the benefit of uncompensated, forced labor from the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, for renovations of his apartment and was offered coerced sexual acts along with other financial compensation to not disclose the trafficking of Plaintiffs.

166.     At all relevant times, the Defendant, LEE CHEN, was on notice that the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, were not paid wages for the work performed on his property.

167.     The harms suffered by the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO are sufficiently serious to satisfy the TVPRA.

168.    The Defendant, LEE CHEN, is further liable for trafficking Plaintiffs under §1590 of the TVPRA which makes it unlawful to knowingly recruit, harbor, transport, provide or obtain by any means, any person for labor or services which violate any peonage, slavery, and trafficking offenses in Chapter 77 of Title 18 of the United States Code.

169.    The Defendant, LEE CHEN, harbored and/or assisted Lawrence Ray in harboring the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, in his condominium where they were forced to work to renovate the apartment and perform sex acts.

WHEREFORE, as a direct and proximate result of LEE CHEN's above-described wrongful actions, inaction, omissions, and violations of the above-listed statutes, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. LEE CHEN's above-described wrongful conduct constitutes violations of the TVPA, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Lee Chen)

170.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

171.    At all relevant times, the Defendant, LEE CHEN, had a duty to act reasonably toward the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO.

172.    The Defendant, LEE CHEN'S, conduct as described above created an unreasonable risk of causing the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, physical harm and emotional distress.

173.     The emotional distress DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO experienced as a result of LEE CHEN's conduct as described above was foreseeable.

174.     The emotional distress DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO experienced as a result of LEE CHEN's conduct as described above was (and remains) severe enough to have caused illness and bodily harm.

WHEREFORE, as a direct and proximate result of LEE CHEN's above-described wrongful actions, inaction, and omissions, the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. The Defendant, LEE CHEN's, above-described wrongful conduct constitutes negligent infliction of emotional distress, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT IX**
**NEGLIGENCE**
(Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Gumley-Haft LLC)

175.     The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

176.     At all relevant times, the Defendant, GUMLEY-HAFT LLC, and/or its agents, employees or representatives, were on actual and/or constructive notice of the sex trafficking and other wrongful activities to which Plaintiffs were being subjected within the condominium unit located at the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan.

177.     Upon information and belief, these agents, employees, and representatives of GUMLEY-HAFT LLC included several doormen at The Waterford, including but not limited to Carlos Pagan.

178. Upon information and belief, on dozens (if not hundreds) of occasions, Carlos Pagan (and other doormen) witnessed groups of SARAH LAWRENCE COLLEGE students entering and exiting LEE CHEN's condominium unit under management and supervision of GUMLEY-HAFT LLC, at all hours of the day and night.

179. Upon information and belief, when the Plaintiff, and FELICIA ROSARIO, moved into the condominium where Lawrence Ray, and Plaintiffs DANIEL B. LEVIN and SANTOS J. ROSARIO were living, located at the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan in 2012, where under management and supervision of GUMLEY-HAFT LLC, the suspicious activities coming from LEE CHEN's unit increased.

180. Upon information and belief, the Plaintiff, FELICIA ROSARIO, would leave the building under management and supervision of GUMLEY-HAFT LLC, at all hours, often not wearing clothing appropriate for the weather.

181. Upon information and belief, various agents, servants and representatives of GUMLEY-HAFT LLC, including but not limited to Carlos Pagan, were aware of the above-described suspicious activities against Plaintiffs.

182. The Defendant, GUMLEY-HAFT LLC was also put on notice of suspicious wrongdoings involving the Plaintiffs, taking place at the condominium unit located at the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan by complaints made by other residents.

183. Upon information and belief, the condominium board wrote a complaint letter about the noises that were emanating from the condominium unit located at the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan, as a result of Plaintiff's abuse on the premises, yet GUMLEY-HAFT LLC, did nothing to intervene or protect Plaintiffs.

WHEREFORE, as a direct and proximate result of GUMLEY-HAFT LLC's above-described wrongful actions, inaction, and omissions, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. GUMLEY-HAFT LLC's above-described wrongful conduct constitutes negligence, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

### COUNT X
### VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA)
#### (Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Gumley-Haft LLC)

184.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

185.    The Defendant, GUMLEY-HAFT LLC is liable for a trafficking claim under §1590 of the TVPRA which makes it unlawful to knowingly recruit, harbor, transport, provide or obtain by any means, any person for labor or services which violate any peonage, slavery, and trafficking offenses in Chapter 77 of Title 18 of the United States Code. *See* 18 U.S.C. §1590.

186.    The Defendant, GUMLEY-HAFT LLC, through its agents, servants and/or employees harbored and/or assisted Lawrence Ray in harboring the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, in the condominium unit located at the Waterford Building at 300 East 93rd Street, Apt. 15E in Manhattan, where these Plaintiffs were forced to work to renovate the apartment and perform sex acts, for the financial benefit of GUMLEY-HAFT LLC.

WHEREFORE, as a direct and proximate result of GUMLEY-HAFT LLC's above-described wrongful actions, inaction, omissions, and violations of the above-listed statutes, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO have suffered (and will

continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. GUMLEY-HAFT LLC's above-described wrongful conduct constitutes violations of the TVPA, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT XI**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(Daniel B. Levin, Santos J. Rosario, and Felicia Rosario v. Gumley-Haft LLC)

187.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

188.    At all relevant times, the Defendant, GUMLEY-HAFT LLC, and/or its agents, employees or representatives had a duty to act reasonably toward the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO.

189.    The Defendant, GUMLEY-HAFT LLC's, conduct as described above created an unreasonable risk of causing the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, physical harm and emotional distress.

190.    The emotional distress the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, experienced as a result of the Defendant, GUMLEY-HAFT LLC's, conduct as described above was foreseeable.

191.    The emotional distress the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, experienced as a result of the Defendant, GUMLEY-HAFT LLC's, conduct as described above was (and remains) severe enough to have caused the Plaintiffs illness and bodily harm.

WHEREFORE, as a direct and proximate result of the Defendant, GUMLEY-HAFT LLC's, above-described wrongful actions, inaction, and omissions, the Plaintiffs, DANIEL B.

LEVIN, SANTOS J. ROSARIO and FELICIA ROSARIO, have suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. The Defendant, GUMLEY-HAFT LLC's, above-described wrongful conduct constitutes negligent infliction of emotional distress, and the Plaintiffs should be compensated fairly and appropriately for the economic and non-economic damages they have incurred as a result therefrom.

**COUNT XII**
**NEGLIGENCE**
<u>(Felicia Rosario v. Scott Muller)</u>

192.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

193.    SCOTT MULLER assumed a duty to safeguard Plaintiff, FELICIA ROSARIO from harm on his property from sexual, physical and emotional abuse, neglect and trafficking.

194.    At all relevant times, the Defendant, SCOTT MULLER, knew or should have known that the Plaintiff, FELICIA ROSARIO, was being controlled, manipulated, brainwashed, abused and/or assaulted by Lawrence Ray on his property.

195.    Upon information and belief, the Defendant, SCOTT MULLER, had several opportunities to alert authorities of sex trafficking, abuse and otherwise harmful conduct taking place to which FELICIA ROSARIO was subjected in his home that he owned.

196.    Upon information and belief, the Defendant, SCOTT MULLER, failed and/or refused to take any action to prevent further abuse and/or assaults from being committed upon FELICIA ROSARIO in his home and on his property.

197.    Landlords have a 'common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct against Plaintiff FELICIA ROSARIO, by a third party.

198.    The Defendant, SCOTT MULLER, breached this duty of care by failing to alert the authorities of the crimes and wrongful, harmful conduct taking place at his home.

199.    The Defendant, SCOTT MULLER, also breached this duty of care of Plaintiff FELICIA ROSARIO by participating in said crimes and wrongful, harmful conduct.

200.    As a result of the Defendant, SCOTT MULLER's breaches of care, the Plaintiff, FELICIA ROSARIO, suffered significant psychological, physical, and economic damages.

WHEREFORE, as a direct and proximate result of the Defendant, SCOTT MULLER's, above-described wrongful actions, inaction, and omissions, the Plaintiff, FELICIA ROSARIO has suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. The Defendant, SCOTT MULLER's, above-described wrongful conduct constitutes negligence, and the Plaintiff, FELICIA ROSARIO, should be compensated fairly and appropriately for the economic and non-economic damages she has incurred as a result therefrom.

## COUNT XIII
## VIOLATIONS OF THE FEDERAL SEX TRAFFICKING STATUTE
### (Felicia Rosario v. Scott Muller)

201.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

202.    SCOTT MULLER violated the TVPA, as sex trafficking is defined as the recruiting, harboring, transporting, providing, obtaining, soliciting and/or patronizing of a person including Plaintiff FELICIA ROSARIO, for the purpose of a commercial sex act, in which a commercial sex act is induced by force, fraud or coercion.

31

203.    The Defendant, SCOTT MULLER, harbored the Plaintiff, FELICIA ROSARIO, in his home where she was forced to perform landscaping and renovation work as well as commercial sex acts at his premises, in violation of the TVPA.

204.    Throughout the years the Plaintiff, FELICIA ROSARIO, resided in SCOTT MULLER's home, SCOTT MULLER witnessed, participated in countless acts of violence perpetrated on FELICIA ROSARIO by Lawrence Ray yet failed to intervene or attempt to stop such wrongful conduct occurring on his property.

205.    The Defendant, SCOTT MULLER, allowed his home to be used for sex trafficking and exploitation of the Plaintiff, FELICIA ROSARIO, causing her extensive harm and suffering.

WHEREFORE, as a direct and proximate result of the Defendant, SCOTT MULLER's, above-described wrongful actions, inaction, omissions, and violations of the above-listed statutes, the Plaintiff, FELICIA ROSARIO, has suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. The Defendant, SCOTT MULLER's, above-described wrongful conduct constitutes violations of the Federal Sex Trafficking statute, and the Plaintiff, FELICIA ROSARIO, should be compensated fairly and appropriately for the economic and non-economic damages she has incurred as a result therefrom.

### COUNT XIV
### VIOLATIONS OF THE FEDERAL FORCED LABOR STATUTE
(Felicia Rosario v. Scott Muller)

206.    The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

207.    Under the TVPA, Plaintiff FELICIA ROSARIO was subject to labor trafficking, defined as the recruiting, harboring, transporting, providing or obtaining of a person for labor or services, through the use of force, fraud or coercion, for the purpose of subjection to involuntary servitude, debt bondage, peonage or slavery, by Defendant SCOTT MULLER. (22 USC §7102)

208.    Upon information and belief, the Defendant, SCOTT MULLER, knowingly benefited by receiving something of value – namely FELICIA ROSARIO's forced labor - for no compensation, essentially slavery, while being assaulted on his property.

209.    The Defendant, SCOTT MULLER, knowingly benefited from the sex trafficking, forced labor, and other TVPA violations against FELICIA ROSARIO, because he agreed to receive the benefit of uncompensated, forced labor from the Plaintiff, FELICIA ROSARIO, for landscaping, yard work, and renovations free of charge.

210.    Upon information and belief, the Defendant, SCOTT MULLER, was on notice that the Plaintiff, FELICIA ROSARIO, was not paid wages for the work she performed on his property and was instead subjecting sexual and physical abuse to which he did not intervene.

WHEREFORE, as a direct and proximate result of the Defendant, SCOTT MULLER's, above-described wrongful actions, inaction, omissions, and violations of the above-listed statutes, the Plaintiff, FELICIA ROSARIO, has suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. The Defendant, SCOTT MULLER's, above-described wrongful conduct constitutes violations of the Federal Forced Labor statute, and the Plaintiff, FELICIA ROSARIO, should be compensated fairly and appropriately for the economic and non-economic damages she has incurred as a result therefrom.

## COUNT XV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Felicia Rosario v. Scott Muller)

211.     The Plaintiffs incorporate by reference the allegations contained in the previous paragraphs.

212.     At all relevant times, the Defendant, SCOTT MULLER, repeatedly, assumed a duty to protect and safeguard Plaintiff, FELICIA ROSARIO from physical, sexual and emotional abuse, malnutrition, maltreatment, neglect and trafficking while FELICIA ROSARIO was residing on SCOTT MULLER's property.

213.     SCOTT MULLER's conduct as described above created an unreasonable risk of causing the Plaintiff, FELICIA ROSARIO, physical and emotional distress.

214.     The emotional distress the Plaintiff, FELICIA ROSARIO, experienced as a result of SCOTT MULLER's conduct on his property, as described above was foreseeable.

215.     The emotional distress the Plaintiff, FELICIA ROSARIO, experienced as a result of SCOTT MULLER's conduct as described above on his property, was (and remains) severe enough to have caused FELICIA ROSARIO illness and bodily harm.

WHEREFORE, as a direct and proximate result of SCOTT MULLER's above-described wrongful actions, inaction, and omissions, the Plaintiff, FELICIA ROSARIO, has suffered (and will continue to suffer) physical and/or mental injury, pain, suffering, and other actual and consequential injury, harm, and economic damages. SCOTT MULLER's above-described wrongful conduct constitutes negligent infliction of emotional distress, and FELICIA ROSARIO should be compensated fairly and appropriately for the economic and non-economic damages she has incurred as a result therefrom.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO, demand judgment against the Defendants on each of the above- referenced claims and causes of action and as follows:

1.      Award compensatory damages to the Plaintiffs for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs, health care costs, earning potential and income, together with interest and costs as provided by law;

2.      Award the Plaintiffs reasonable attorneys' fees;

3.      Award the Plaintiffs special damages to be determined at trial;

4.      Award the Plaintiffs punitive damages on all claims allowed by law;

5.      Award the Plaintiffs the costs of these proceedings;

6.      Award the Plaintiffs pre and post-judgment interest at the lawful rate; and

7.       Award the Plaintiffs such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs, DANIEL B. LEVIN, SANTOS J. ROSARIO, and FELICIA ROSARIO,

hereby demand trial by jury as to all issues.


Dated: November 21, 2023                    Respectfully submitted,

                                            Eric T. Chaffin, Esq.
                                            Roopal P. Luhana, Esq.
                                            CHAFFIN LUHANA LLP
                                            600 Third Ave., 12th Floor
                                            New York, New York 10016
                                            Tel: (888) 480-1123
                                            Chaffin@chaffinluhana.com
                                            Luhana@chaffinluhana.com

                                            And,
                                            *To be admitted pro hac vice,*

                                            Paula S. Bliss, Esq., BBO 652361
                                            Kimberly A. Dougherty, Esq., BBO 658014
                                            Kelly A. Guagenty, Esq., BBO 658872
                                            JUSTICE LAW COLLABORATIVE, LLC
                                            210 Washington Street
                                            North Easton, MA 02356
                                            Tel: (508) 230-2700
                                            paula@justicelc.com
                                            kim@justicelc.com
                                            kelly@justicelc.com

                                            ***Attorneys for Plaintiffs***