

Thomas S. D'Antonio
Partner
(585) 454-0715
tdantonio@hodgsonruss.com

The letter motion is GRANTED. All discovery is stayed pending the Court's decision on the motion to dismiss. The initial pretrial conference scheduled for February 15, 2024 is adjourned sine die. The parties are directed to submit a revised case management plan and request a new date for an initial pretrial conference within ten days of any decision sustaining in any part the operative complaint. The Clerk of Court is respectfully directed to close Dkt. No. 31.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

February 8, 2024

February 7, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Levin, et al. v. Sarah Lawrence College, et al.*
Civil Action No. 23-cv-10236 (LJL)

Dear Judge Liman:

The relief requested in this letter-motion, made pursuant to the provisions of Section 1(C) of the Court's Individual Practices in Civil Cases, is *agreed to and requested by all parties currently appearing in this action*,[1] subject of course to the Court's ultimate determination. The relief being respectfully requested is a stay of discovery, pending determination by this Court of motions to dismiss the Complaint, and completion of service on a non-appearing party.

There have been related recent proceedings. As the Court is aware, this past Monday I sent a letter (not in the form of a letter-motion), requesting that the Initial Pretrial Conference, scheduled for February 15, 2024, be stayed pending the determination of Sarah Lawrence College's Rule 12 motion. (Dkt. 26). The Court denied that application, stating that "if Defendants wish for discovery to be stayed, Defendants should make such a request by letter motion. The Court will not defer the conference." (Dkt. # 27).

Consistent with the Court's expectations with respect to the upcoming February 15 Conference, counsel for the parties who have appeared to date in the action conferred yesterday afternoon, and

---

[1] Only two of the four named defendants, Sarah Lawrence College and Gumley-Haft LLC, have been served to date. At the conference call held yesterday afternoon and involving counsel for Gumley-Haft (Scott Goldstein, Esq.), for plaintiffs (Kelly Guagenty, Esq.) and for Sarah Lawrence (me), among other things Ms. Guagenty confirmed that she will be seeking an extension of time to effect service upon defendant Scott Muller, and that plaintiffs will be abandoning claims against defendant Lee Chen.






are prepared to file a proposed Case Management Plan and Scheduling Order, to be reviewed with the Court at that conference in the event this application for a stay is not granted.

A brief summary of the current procedural status of this case may be useful to the Court in assessing the pending application. Sarah Lawrence College filed its Rule 12 motion on January 29, 2024 (Dkt. # 17), and thereafter agreed upon a briefing schedule with plaintiffs, which has in turn been approved by the Court. (*See* Dkt. # 30). The College's motion will be fully submitted on March 25, 2024.

At this afternoon's counsel conference Mr. Goldstein, on behalf of Gumley-Haft LLC, stated his intention also to move to dismiss. Gumley-Haft's time to move or answer has, by agreement with plaintiffs, been enlarged up to and including March 11, 2024. It would appear that Gumley-Haft's motion, if made, will not be fully briefed until sometime in or around April 2024. And at this point it is not clear when defendant Muller will be served (*see* text note 1, *supra*), of if he is served whether he will seek any pre-Answer dispositive relief.

We respectfully request, given these circumstances, that discovery proceedings not commence until the parties know which claims (if any) survive the motions, whether defendant Muller will be made a party to the action, and which parties (if any), remain in the case. Discovery is, as the Court well knows, a labor intensive and expensive process, and one that can be impacted directly by the particular claims asserted, and the parties involved in the case. Moreover, as the College's pending motion seeks dismissal of all claims against it, if that motion succeeds the College will not be subject to any party discovery proceedings.

We fully realize that there is a premium on the efficient pursuit of claims in litigation. Counsel this afternoon discussed the possibility of pursuing an early mediation, which they will review further with their respective clients. If that is agreed to, the parties can make use of the time to explore a mediated resolution.

While the Court likely will wish to address all these issues at the February 15 conference, should it need further information or should it have any questions in the interim, we of course are available at the Court's convenience.

Respectfully,

Thomas S. D'Antonio

cc: Kelly Guagenty, Esq. (*via ECF*)
Scott Goldstein, Esq. (*via ECF*)
All counsel of record (*via ECF*)